**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **XTC CABARET (DALLAS), INC. D/B/A XTC CABARET; FINE DINING CLUB, INC. D/B/A SILVER CITY CABARET; COASTER LINE COASTER CLUB INC. D/B/A TIGER CABARET; GUILLERMO BELTRAN DEL RIO TIRADO; DEDRRICK NERO; and RICHARD BOTHMANN, JR.,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION NO. 3:24-CV-0042-B** |
| **THE CITY OF DALLAS, THE CITY OF DALLAS POLICE DEPARTMENT, AND OFFICERS EDDIE GARCIA, DEVON POLK, and CAMERON PETERSON in their individual and personal capacities,** | § | |
| **Defendants.** | § | |

**ORDER**

The Court issues this Order to allow the parties to explain what, if any, effect the Supreme Court's denial of certiorari in *Ass'n of Club Executives of Dallas, Inc. v. City of Dallas*, No. 23-835, 2024 WL 1143708 (U.S. Mar. 18, 2024) has on the merits of the present case.

In this case, Plaintiffs assert various First Amendment challenges against § 41A-14.3 of the Dallas City Code (the "Ordinance")—which provides that "[a] sexually oriented business must be closed for business each day between the hours of 2:00 a.m. and 6:00 a.m."—as well as Defendants' alleged policy in interpreting and enforcing the same. *See generally* Doc. 27, Am. Compl. Specifically, Plaintiffs have pleaded that (1) "the Ordinance [is] overbroad as to non-SOB

operations"; (2) Defendants' policy of enforcing the Ordinance "against non-SOB activity" is retaliatory; and (3) "[t]he pervasive presence of uniformed officers and patrol vehicles on the business's property, in full view of patrons and others," infringes upon the rights of those performing the protected expression and those seeking to engage in such communicative activities by deterring and limiting patrons' access to such expression. *Id.* ¶¶ 43–46.

In *Ass'n of Club Executives of Dallas, Inc. v. City of Dallas*, 83 F.4th 958 (5th Cir. 2023), the Fifth Circuit vacated a preliminary injunction which enjoined the enforcement of § 41A-14.3(a) of the Dallas City Code—the same Ordinance at issue here. Plaintiffs there argued that the Ordinance's hours-of-operation requirement was a content-based regulation of protected speech and thus was facially invalid under the First Amendment; the district court agreed and preliminarily enjoined enforcement of the Ordinance. *See Ass'n of Club Executives of Dallas, Inc. v. City of Dallas*, 604 F. Supp. 3d 414, 439 (N.D. Tex. 2022). The Fifth Circuit reversed, finding that plaintiffs were not likely to succeed on the merits of their First Amendment claim under *City of Renton v. Playtime Theatres*, 475 U.S. 41 (1986). *Ass'n of Club Executives*, 83 F.4th at 963–65. In so doing, the Fifth Circuit found that—on the record before it—the Ordinance's hours-of-operation requirement was "designed to serve a substantial governmental interest and allows for reasonable alternative avenues of communication." *Id.* at 965, 970 (citations omitted).

Following the Fifth Circuit's ruling, the *Ass'n of Club Executives* plaintiffs filed a petition for writ of certiorari in the Supreme Court of the United States, which was denied on March 18, 2024. *Ass'n Club Executives*, 2024 WL 1143708, at *1.

The Court seeks briefing from the parties addressing the implications of the Supreme Court's denial of certiorari on this case. *See Liddell v. Missouri*, 731 F.2d 1294, 1304 n.8 (8th Cir. 1984) ("Although denial of certiorari does not necessarily imply approval of the decision below on

the merits, . . . [the] denial of certiorari is, under some circumstances, a fact which cannot be overlooked." (citations omitted)). To be sure, the operative Complaint alleges First Amendment violations which, at least on its face, seem distinguishable from the First Amendment challenge at issue in *Ass'n of Club Executives*. Nevertheless, the Court seeks to ensure it does not overlook any potentially relevant conclusions to be drawn from *Ass'n of Club Executives*.

Therefore, the Court **ORDERS** the parties to explain, in writing, how the Supreme Court's denial of certiorari in *Ass'n of Club Executives* implicates the issues this case. The parties must file their briefing on or before **April 12, 2024**.

**SO ORDERED**.

**SIGNED: March 28, 2024.**

**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**